IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISON

| LINETTE ROSS, | : | Civil Action No. _____ |
|---|---|---|
| Plaintiff, | : | |
| v. | : | |
| VAKULSKAS LAW FIRM, P.C., NEIMAN, STONE AND MCCORMICK, And RF FINANCIAL, LP, | : | |
| Defendants. | : | |

## COMPLAINT AND JURY DEMAND

Plaintiff Linette Ross, by her attorney Ray Johnson, for her claims against the Defendants states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter, "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. There is an additional state claim for abuse of process.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Linette Ross, is a natural person residing in Woodbury County, Iowa.

4. Defendants, the Vakulskas Law Firm, P.C. and Neiman, Stone and McCormick are law firms regularly engaged in the business of collecting debt in the state of Iowa. Defendant RF Financial is a debt buyer engaged in collection of debt in Iowa. At all times relevant to this Complaint, RF Financial was never registered with the Iowa Attorney General to collect debt in Iowa.

5. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATION

6. In February of 2008, Ross had a judgment entered against her in favor of RF Financial in Woodbury County, despite the fact RF Financial was not registered to collect debt in Iowa and the debt was time barred. Curt McCormick on behalf of RF Financial initiated the case. Subsequently, McCormick requested a debtor's exam of Ms. Ross.

7. Defendants failed to serve Ross notice of the debtor's exam, although an affidavit was filed with the Court falsely indicating Ross had been served personally.

8. Based on the false affidavit of personal service, Defendants requested and obtained an arrest warrant for Ross, along with a bond for roughly the amount of the alleged debt for Ross' failure to appear for the debtor's exam, even though she had no notice of the exam and had not been served. On Friday, January 15, 2010, at approximately 7:00 p.m., two Sheriff's deputies went to Ross' house to arrest her for failing to appear at the debtor's exam. Ross was at work. The timing of the attempted arrest on Friday evening, had it been successful, would have resulted in Ross having to spend additional time in jail because it was the weekend.

9. After a restless and stressful night, Ross went to the jail and turned herself in on Saturday morning. A jailer told Ross she would not be able to see a judge at that time. Her husband posted the $3,500 bond Defendants had requested and obtained from the Court.

10. Defendants then attempted to have the $3,500 bond released to satisfy the judgment. The judge declined and released the bond back to Ross' husband.

11. Defendants' goal in scheduling the debtor's exam, failing to serve the Plaintiff and then having the judge order a bond large enough to cover the alleged debt was to seek recovery of the bond to satisfy the debt. One or more of the Defendants have engaged in a pattern or practice of this type of abuse of the legal process to collect debt through coercion and "debtors' prison."

12. Ross has suffered extreme emotional distress and physical symptoms of emotional distress resulting from her ordeal and improper arrest as alleged herein.

13. As a result of Defendants' actions and barefaced abuse of judicial process, Ross has sustained damages, including but not limited to damages for aggravation, inconvenience and emotional distress.

## V. FIRST CLAIM FOR RELIEF
(Federal FDCPA)

14. All facts and allegations of this Complaint are incorporated herein by reference.

15. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   a. Misrepresenting the legal status of the debt by failing to notify Ross of her debtor's exam and making misrepresentations to the court in violation of 15 U.S.C. 1692(e)(2)(A).

   b. Taking actions that cannot legally be taken in violation of 15 U.S.C. 1692(e)(5), including but not limited to failing to serve notice of the debtor's

exam and attempting to collect debt for RF Financial without it being registered with the Attorney General's Office.

    c. Use of deceptive means to collect or attempt to collect a debt violation of 15 U.S.C. 1692(e)(2).

    d. Use of an unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. 1692(f).

16. As a result of the above violations of the FDCPA, Ms. Ross is entitled to a declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF
(State Unfair Debt Collection)

17. All facts and allegations of this Complaint are incorporated herein by reference.

18. Ms. Ross' alleged obligation at issue was a "debt" as defined by Iowa Code § 537.7102(3).

19. With regard to attempts to collect from Ms. Ross as alleged herein, Defendants were "debt collectors" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

20. Defendants violated the State Act. The foregoing acts, omissions and practices of Defendants' were violations of Iowa Code § 537.7103, including but not limited to:

    a. Collecting a debt through the use of coercion or attempting to coerce payment from Ross by having her arrested and attempting to collect her bail bond in violation of Iowa Code § 537.7103(1)

    b. Misrepresenting the legal status of the debt by making misrepresentations to the court to obtain a warrant and failing to notify Ross of her debtor's exam in violation of Iowa Code § 537.7103(4)(e)

    c. Taking an action prohibited by law, in violation of Iowa Code § 537.7103(1)(f), including obtaining the arrest warrant for Ross and attempting to collect a debt for RF Financial without it being registered with the Attorney General's Office.

    d. Use of fraudulent, deceptive or misleading means to collect or attempt to collect a debt in violation of 537.7103(4).

e. Use of unfair or unconscionable means to collect a debt as alleged herein.

21. As a proximate result of the unfair debt collection, Ms. Ross has suffered actual damages and injury including, but by no means limited to, mental anguish and suffering, emotional distress, humiliation, and embarrassment, for which she should be compensated in an amount to be proven at trial.

## VII. THIRD CLAIM FOR RELIEF
(Abuse of Process)

22. All facts and allegations of this Complaint are incorporated herein by reference.

23. Defendants used a legal process (referring to the type of process and not to be construed that the action itself was legal) to have Ross arrested in an attempt to have her post and then collect her bail bond.

24. The legal process was used in an improper manner and for the impermissible purpose of collecting debt.

25. Defendants' actions were wanton egregious, wrongful, and constituted an intentional tort, were committed with malice, and/or willful or reckless disregard for the rights of Ms. Ross, were directed specifically at Ms. Ross, and were such as would warrant an award of punitive damages.

## VIII. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for the following:

A. Actual damages jointly and severally, including damages for emotional distress;

B. Statutory damages against each Defendant pursuant to 15 U.S.C. § 1692k;

C. Statutory damages against each Defendant pursuant to Iowa Code § 537.5201(1);

D. Punitive damages against each Defendant for abuse of process;

E. Costs and reasonable attorney's fees jointly and severally pursuant to 15 U.S.C. § 1692k and Iowa Code chapter 537;

F. For such other relief as the Court deems appropriate in the circumstances.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues in the above captioned matter triable to a jury.

Respectfully submitted,

_____
RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Road
Suite 335
West Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com